IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
FORT WORTH DIVISION



DENIEDRA JACKSON, §
 §
 Plaintiff, §
 §
VS. § NO. 4:17-CV-153-A
 §
ALLSTATE VEHICLE AND PROPERTY §
INSURANCE COMPANY, §
 §
 Defendant. §

MEMORANDUM OPINION AND ORDER

Came on for consideration the motion of plaintiff, Deniedra Jackson, to remand. The court, having considered the motion, the response of defendant, Allstate Vehicle and Property Insurance Company, the record, and applicable authorities, finds that the motion should be granted.

I.

Plaintiff's Claims

On January 12, 2017, plaintiff filed her original petition in the County Court at Law No. 3 of Tarrant County, Texas. The action was brought before this court by notice of removal.

Plaintiff alleged in her petition that she sustained wind/hail damage to the roof and interior of her home on or about April 1, 2015; that she reported a claim to defendant; and that no payment was made. Defendant informed plaintiff that her roof had been improperly installed, but it continued accepting her premiums and extended the coverage on her property. On or about

March 17, 2016, plaintiff sustained significant damage from a wind/hail storm. Plaintiff made a claim, which defendant refused to pay.

In her petition, plaintiff asserted claims for breach of contract, violation of the Texas Insurance Code chapter 541, violation of the Texas Deceptive Trade Practices-Consumer Protection Act, Tex. Bus. & Com. Code Ann. §§17.41-.63, breach of duty of good faith and fair dealing, promissory estoppel, and fraud and/or negligent misrepresentation. Plaintiff did not allege an amount she sought to recover, although she did fill out a civil case information sheet showing that the damages sought were less than $100,000, including damages of any kind, penalties, costs, expenses, prejudgment interest, and attorney's fees.

II.

Basis for This Court's Jurisdiction

Defendant removed the action to this court on the basis of diversity jurisdiction. There is no question that diversity of citizenship exists, as plaintiff is a citizen of Texas and defendant is a citizen of Illinois, where it is incorporated and has its principal place of business. The issue is whether the amount in controversy exceeds $75,000. 28 U.S.C. § 1332.

When the amount in controversy is not shown in the plaintiff's pleading, the removing party must establish by a preponderance of the evidence that the jurisdictional amount is met. <u>Manguno v. Prudential Prop. & Cas. Ins. Co.</u>, 276 F.3d 720, 723 (5th Cir. 2002). It may do this by setting forth summary judgment-type evidence of facts in controversy that support a finding of the requisite amount. <u>Id.</u> If a state statute provides for attorney's fees, they are included as part of the amount in controversy. <u>Id.</u> Removal cannot be based upon conclusory allegations. <u>Allen v. R & H Oil & Gas Co.</u>, 63 F.3d 1326, 1335 (5th Cir. 1995). The jurisdictional facts that support the removal are judged at the time of the removal. <u>Id.</u>

In this case, defendant attached to its notice of removal a demand letter dated May 18, 2016, which had attached to it an estimate for replacement of the roof totaling $14,850.42. Also attached was a letter dated October 28, 2016, offering to settle the entire matter in controversy for a total of $16,850 plus $2,500 in attorney's fees to avoid the filing of the lawsuit. Although plaintiff had earlier made a demand for $92,114.84, by letter dated November 16, 2015, also attached to the notice of removal, there is no basis for believing that such demand plays any role in the amount now in controversy. Plaintiff has but one roof she is now seeking to have replaced. And, defendant has not

shown that even with statutory damages and attorney's fees the amount in controversy exceeds the statutory minimum.

Defendant relies upon the insurance policy limits of $693,206 in arguing that the amount in controversy is met. However, this is not a case like Trigo v. State Farm Lloyds, No. 7:13-CV-147, 2013 WL 12140284 (S.D. Tex. July 3, 2013), upon which defendant relies. There, the plaintiff had not pleaded an amount in controversy nor provided his own estimate of damages, instead relying on defendant's estimate to argue that the amount in controversy was not met. Here, plaintiff's own roofer says the cost of repair is less than $15,000 and plaintiff's demand was based on that amount, plus interior damage and attorney's fees.

### III.

### Attorney's Fees

Plaintiff seeks an award of attorney's fees pursuant to 28 U.S.C. § 1447(c). She attaches a letter sent to defendant prior to the filing of the motion to remand pointing out that the amount in controversy is not met. Defendant has no response. The court finds that an award should be made. Since plaintiff has not provided evidence to support the expenses she has actually incurred, the court is satisfied that an award of $1,000 would be reasonable and appropriate.

## IV.

## Order

The court ORDERS that defendant pay to plaintiff the sum of $1,000 as reasonable expenses, including attorney's fees, incurred as a result of the removal of this action.

The court further ORDERS that plaintiff's motion to remand be, and is hereby, granted, and that this action be, and is hereby, remanded to the County Court at Law No. 3 of Tarrant County, Texas, from which it was removed.

SIGNED April 10, 2017.

_____
JOHN McBRYDE
United States District Judge